**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| v. | § § | Cr. No. C-03-271 C.A. No. C-06-124 |
| THANIA DEANDA, | § § | |
| Defendant-Movant. | § | |

**ORDER CONSTRUING MOTION AS MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER FOR GOVERNMENT TO RESPOND**

On August 26, 2005, Defendant Thania DeAnda filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the Houston Division of this Court. By Memorandum Opinion and Order dated March 14, 2006, United States District Judge Sim Lake denied the petition, but severed one of DeAnda's claims and transferred it to this Court for resolution. (See D.E. 28). In that claim, DeAnda argued that the BOP's elimination of the Intensive Confinement Center ("ICC") Program, which occurred shortly before her amended judgment was entered in the instant criminal case, violated her rights to due process because her sentence was based on misinformation. (D.E. 28 at 14). Specifically, her amended judgment, like her initial judgment, contains a recommendation by this Court that she "be placed in the Intensive Confinement Program (boot camp) upon her eligibility to begin that program." (D.E. 26 at 2). But the BOP discontinued the ICC Program less than two weeks before entry of the amended judgment. She argues that the plea agreement was made and the sentence imposed based on a "mutual mistake of fact." (D.E. 30 at 4). She further contends that "the entire

1

sentencing procedure has been invalidated due to mistaken assumptions made by the sentencing court, Petitioner and the Government." (Id.).

Judge Lake concluded that this claim was a challenge "directed toward the sentence itself" and thus belonged in a § 2255 motion in the sentencing court. He therefore severed the claim and transferred it to this Court. (D.E. 28 at 14-15).

After receiving a copy of Judge Lake's order and reviewing DeAnda's motion, this Court notified DeAnda that it intended to construe her motion as a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255. (D.E. 31). Pursuant to the directives of Castro v. United States, 540 U.S. 375 (2003), the Court gave DeAnda the opportunity to supplement her motion or to voluntarily withdraw her motion. (D.E. 234). The Court ordered that any such request from DeAnda be filed within 45 days after the entry of the Order. (D.E. 234). Thus, she had until May 22, 2006 to respond. The Clerk was also directed to mail DeAnda blank § 2255 forms.

To date, DeAnda has not filed anything in response to the Court's order, nor has she returned the completed forms. Accordingly, the portion of her original § 2241 motion severed and transferred to this Court is hereby construed as a motion pursuant to 28 U.S.C. § 2255.

It is ordered that the United States shall answer the § 2255 motion not later than sixty days after the entry of this Order. It is further ordered that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2005), DeAnda may file a reply not later than thirty days after service of the government's answer.

It is so ORDERED this 3rd day of July, 2006.

                                                                              Janis Graham Jack
                                                                              United States District Judge